JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carmen Alba

**DEFENDANTS**
School District of Philadelphia; Paul Vallas, Chief Executive Officer; Tomas Hanna, Senior Vice President, Human Resources; Andrew Rosen, Executive Director of Employee Relations; Darlene Beasley, Principal.

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ann C. Lebowitz and Charles J. Grant, Grant & Lebowitz, LLC, 1818 Market Street, 33rd Floor, Philadelphia, PA 19103 (215) 789-3100

Attorneys (If Known)
Sherry A. Swirsky, Esquire
400 N. Broad Street, Philadelphia PA 19130

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

X 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determinatio |
| ☐ 290 All Other Real Property | X 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

X 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §12101 et seq., 29 U.S.C. §621 et seq.

Brief description of cause:
Age and disability discrimination; retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
4/30/07

SIGNATURE OF ATTORNEY OF RECORD
*Ann C. Lebowitz*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  450 E. Pleasant Street, Philadelphia, PA 19119

Address of Defendant: 400 N. Broad Street, Philadelphia, PA 19130

Place of Accident, Incident or Transaction:  School District of Philadelphia

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,  Ann C. Lebowitz  counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/30/07 _____ _____ Pa # 22243

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/07 _____ _____ 22243

Attorney-at-Law   Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   450 E. Pleasant Street, Philadelphia, PA 19119

Address of Defendant: 400 N. Broad Street, Philadelphia, PA 19130
Place of Accident, Incident or Transaction:   School District of Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                            Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?                                   Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

                                                                Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                        Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?              Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☒ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☐ All other Federal Question Cases (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Ann C. Lebowitz   , counsel of record do hereby certify:

   ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought.

DATE: 4/30/07        *Ann C. Lebowitz*        Pa # 22243
                       Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/07        *Ann C. Lebowitz*        22243
                       Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CARMEN ALBA | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA; PAUL | : | NO. |
| VALLAS, CHIEF EXECUTIVE OFFICER; TOMAS | : | |
| HANNA, SENIOR VICE PRESIDENT,HUMAN | : | |
| RESOURCES; ANDREW ROSEN, EXECUTIVE | : | |
| DIRECTOR OF EMPLOYEE RELATIONS; AND | : | |
| DARLENE BEASLEY, PRINCIPAL. | : | |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( **X** )

| | | |
|---|---|---|
| **April 30, 2007** | **Ann C. Lebowitz** | **Plaintiff, CarmenAlba** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| **(215) 789-3100** | **(215) 789-3113** | **acl@grantlebowitz.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMEN ALBA** : | |
| **Plaintiff,** : | **CIVIL ACTION NO.** |
| : | |
| **v.** : | **JURY TRIAL DEMAND** |
| : | |
| **SCHOOL DISTRICT OF PHILADELPHIA;** : | |
| **PAUL VALLAS, CHIEF EXECUTIVE OFFICER;** : | |
| **TOMAS HANNA, SENIOR VICE** : | |
| **PRESIDENT, HUMAN RESOURCES;** : | |
| **ANDREW ROSEN, EXECUTIVE DIRECTOR** : | |
| **OF EMPLOYEE RELATIONS; AND** : | |
| **DARLENE BEASLEY, PRINCIPAL.** : | |
| : | |
| **Defendants.** : | |

## <u>COMPLAINT</u>

### The Parties

1. Plaintiff, Carmen Alba, brings claims of disability discrimination, age discrimination, retaliation, and civil rights violations against her employer, the School District of Philadelphia, and School District executives, managers and supervisors: Paul Vallas, Chief Executive Officer; Tomas Hanna, Senior Vice President, Human Resources; Andrew Rosen, Executive Director of Employee Relations; and Darlene Beasley, Principal.    The School District of Philadelphia employs more than five hundred (500) persons in various professional and non-professional positions.   The School District receives funds from federal, state and municipal governments.

2. Ms. Alba is a fifty-four (54 yrs.) old assistant principal. She holds a Bachelor of Arts Degree in Elementary Education and two advanced degrees: a Master of Arts Degree in Special Education; and a second Master of Arts Degree in Counseling Psychology.  Ms. Alba has taught

in the School District of Philadelphia since 1973. She is state certified in elementary education, as a teacher of physically handicapped and learning disabled children, as an elementary and secondary school counselor, and as a teacher of mentally and emotionally disturbed students. She also holds a principal certificate and is state certified in school administration.

2.    Ms. Alba suffers from physical impairments caused by juvenile onset rheumatoid arthritis. As a result of her medical condition, Ms. Alba has hand, finger and foot deformities. Her fingers are visibly deformed; her wrist takes a right angle to her body; she lacks finger and manual dexterity; and she cannot lift heavy objects, grasp, or turn a spherical doorknob. Because of her arthritic condition and foot deformities, she cannot walk long distances or climb stairs.

3. Ms. Alba's disabilities have been certified for reasonable accommodation by School District medical personnel since June 29, 1990.

4. Because of her disabilities, Ms. Alba requires an accessible, elevator-equipped school, with handicap accessible door hardware.

5.    There are schools within the School District of Philadelphia that satisfy these reasonable workplace requirements.

6.    Although accommodating schools exist in the School District of Philadelphia, and although she was previously assigned to such an accommodating school, now that Ms. Alba is within a year of retirement, the School District persists in its refusal to assign her to a school that provides the reasonable workplace accommodations she requires.

7.    Further, when Ms. Alba complained and attempted to assert her rights to an accommodating workplace, the School District engaged in a punitive and retaliatory course of conduct by which Ms. Alba was assigned to perform demeaning, and increasingly more difficult

physical, clerical, maintenance and custodial tasks. These assigned tasks required her to perform repetitive stair climbing, and to grasp and lift heavy boxes and crates.

8. The heavy lifting, carrying, repetitive stair climbing, custodial and hallway maintenance tasks required of Ms. Alba were not assigned to other younger and non-disabled assistant principals in the School District of Philadelphia.

## JURISDICTION

9. Plaintiff brings this action under the Americans with Disabilities Act, as amended by the Civil Rights Act of 1991, 42 U.S.C. §12101 et seq., 42 U.S.C. §2000e-5, 42 U.S.C. §1981a, the Rehabilitation Act, 29 U.S.C. §794 (non-discrimination under federal grants and programs), the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., 42 U.S.C. §6101 (non-discrimination based on age in programs and activities receiving Federal financial assistance), and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §951 et seq.

10. Jurisdiction is pursuant to 28 U.S.C. §§1331 and 1343, 42 U.S.C. §12117, 42 U.S.C. §2000e-5(f), 29 U.S.C. §626, and under the supplemental jurisdiction of the District Court for related claims as provided in 28 U.S.C. §1367(a).

11. Plaintiff cross-filed her Complaint with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission on May 18, 2006. When the PHRC failed to complete its investigation within 180 days, Plaintiff requested, by letter dated January 8, 2007, that a right to sue letter be issued in this matter. The right to sue letter, which was issued by the United States Department of Justice on February 26, 2007, is attached as Exhibit A.

12. Plaintiff's claims of discrimination under the Age Discrimination in Employment Act are filed in accordance with the requirements of 29 U.S.C. §626(e) where the Equal

Employment Opportunity Commission, by letter dated January 31, 2007 and received February

6, 2007, notified Plaintiff of its termination of administrative proceedings.   Letter dated 1/31/07,

attached as Exhibit B.


## COUNT I

## DISABILITY DISCRIMINATION

**Violations of the Americans with Disability Act, 42 U.S.C. §12101 et seq. and the**

**Pennsylvania Human Relations Act, 43 P.S. §955**

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Carmen Alba is a qualified individual with a non-job related disability.  Ms. Alba

possesses the skill, education, and experience to perform as an assistant principal and

professional educator in the Philadelphia public schools.

15. Carmen Alba has taught in the School District of Philadelphia for thirty-three years.

16. Until the close of the 2003-2004 academic year, Ms. Alba was assigned to and

worked as an educator at schools that accommodated her reasonable workplace requirements.

17. During the 2003-2004 academic year, Ms. Alba worked as an assistant principal at

the Edmunds School. The Edmunds School is equipped for and accommodates Ms. Alba's

reasonable workplace requirements.   The Edmunds School has an elevator and operable lever

style door hardware.

18. While at the Edmunds School as an assistant principal, Ms. Alba served as an

instructional leader and mentor to classroom teachers and students.  She reviewed the curriculum

and lesson plans for every class. When curricular goals were not met, Ms. Alba monitored the

class and coached classroom teachers. In the Spring of 2004, the Edmunds School achieved its

Annual Yearly Progress (AYP) goals.

19.  In January, 2005, Ms. Alba was transferred from the Edmunds School to the Huey
School.  The Huey School did not accommodate Ms. Alba's reasonable workplace requirements.
Unlike Edmunds, the Huey School was not equipped with an elevator and did not have lever
style door hardware.

20.  In July, 2005, Ms. Alba was transferred from the Huey School to the Barry School
for the school year commencing in September, 2005. The Barry School lacked an elevator and
lever style door hardware. Accordingly, the Barry School also did not accommodate Ms. Alba's
reasonable workplace requirements.

21.  Because the Barry School lacked an elevator, Ms. Alba requested an office on the
first floor. Although a first floor office was available, the Barry School Principal, Ms. Darlene
Beasley, instead assigned Ms. Alba to a third floor room that was used as a classroom storage
area. This "office" lacked even a telephone.

22.  At the Barry School, Ms. Alba was one of two assistant principals.  Only Ms. Alba
however, was required to perform maintenance and custodial tasks that involved heavy lifting
and repeated stair climbing.

23.  While at the Barry School, Ms. Alba was required to carry heavy boxes of test
materials from the basement up four flights of stairs to her office, where she then had to sort the
tests for delivery to the appropriate classrooms.

24.  At the Barry School, Ms. Alba was assigned daily breakfast crate duty.

25.  Ms. Alba was required to pack and deliver breakfast crates to twenty-seven (27)
Barry School classrooms every day.

26.  As part of her breakfast crate assignment, Ms. Alba was also required to ensure the

cleanliness of the school hallways.

27. Ms. Alba was not only daily assigned to deliver the breakfast crates, but she was also required to collect the leftover milk from outside the classrooms.

28. Ms. Alba was required to lift and carry thirty-seven (37) science kits, some weighing in excess of thirty pounds (30 lbs.) from the basement of the Barry School to the various Barry School classrooms. It was Ms. Alba's job to then stack the science kits neatly outside each classroom.

29. In December, 2005, after she had complained to the School District about the conditions at the Barry School and the conduct of the Barry School principal, the Principal directed Ms. Alba to package ninety-six sandwiches for student lunches.

30. Other assistant principals, including the other assistant principal at the Barry School, were not required to package student lunches.

31. At the Barry School, Ms. Alba was denied access to computer passwords that were routinely available to other assistant principals.

32. Despite her substantial academic and teaching credentials, Ms. Alba was assigned no teaching, curricular, or mentoring tasks while at the Barry School. Rather, she was assigned custodial, hallway maintenance, breakfast duties, and lunch preparation tasks. The tasks assigned to Ms. Alba are those of a non-teaching assistant or school custodian, not those of a professional educator.

33. The other assistant principal at the Barry School was not required to perform the onerous physical, custodial, and maintenance tasks that were required of Ms. Alba.

34. The other assistant principal is not disabled.

35. Only Ms. Alba was assigned to lift heavy boxes, deliver breakfast crates, make

lunches, and clean the hallways.

36.  The School District did not make a good faith attempt to engage in the interactive process. The School District knew the reasonable accommodations that Ms. Alba required and that these accommodations included her assignment to an accessible elevated-equipped building. Although such buildings exist in the School District of Philadelphia, Defendant School District advised Plaintiff that there were no building vacancies available that would satisfy the requirements of her non-job related disability.

Wherefore, the disability discrimination perpetrated against the Plaintiff must be corrected, and Defendants provide to Plaintiff all appropriate remedies under federal and state causes of action, including compensatory damages, equitable damages, damages for pain and suffering, compensation for economic loss, attorneys fees and costs, out of pocket expenses, and such other relief and amounts owed as appropriate.

**COUNT II**

**DISABILITY DISCRIMINATION—LOSS OF INCOME**

37.  Paragraphs 1 through 36 are incorporated herein by reference.

38.  The escalating physical tasks required of her by her supervisor exacerbated Ms. Alba's disability causing further damage to her affected joints.

39.  Because of the severity of the physical tasks increasingly imposed on her in retaliation for her complaints and requests for reasonable accommodation, and because of the School District's discriminatory refusal to assign her to an accommodating school, Ms. Alba's medical condition deteriorated such that the medications that had previously helped her no longer did.

40.  When her complaints to the School District went unheeded, and when the School

District failed to assign Ms. Alba to an accommodating elevator-equipped school, Ms. Alba was required to take measures to restore her health.

41.   As a result of the increased pain and joint deterioration that was caused by the physical tasks that were daily required of her at the Barry School, Ms. Alba's physicians placed her on a new experimental therapy.

42.   The new drugs used in this experimental therapy could only be administered intravenously and carried potentially dangerous side effects.

43.   The experimental nature of this new treatment required intense monitoring for side effects.

44.   The exacerbation of her joint damage, and her need to undergo new experimental drugs and therapies, was caused by and is the result of the increasingly discriminatory and retaliatory measures undertaken by School District supervisors.

45.   Even as Ms. Alba's condition deteriorated, the School District refused to transfer her to an elevator-equipped accommodating school.

46.   As School District supervisory personnel increasingly discriminated and retaliated against Ms. Alba, other assistant principals, and even non-teaching assistants, were not asked to or required to assume any of the custodial, lifting or breakfast crate tasks that were daily required of Ms. Alba at the Barry School.

47.   In December, 2005, the Barry School Principal directed Ms. Alba to package ninety-six sandwiches.

48.   The School District and the Barry School Principal, Ms. Beasley, knew that Ms. Alba suffered an obvious hand deformity that made it difficult and even painful for her to

perform tasks, such as packaging sandwiches, that required manual dexterity and finger flexibility.

49. Although Ms. Alba was reluctant to do so, and although she could ill afford the substantial diminishment of income that resulted, the deteriorating condition of her limbs in the face of the School District's retaliatory conduct and refusal to accommodate her reasonable workplace requirements, required that she undertake a restoration of health leave of absence.

50. In February, 2006, Ms. Alba began a five month restoration of health leave from the School District.

51. Although it was the discriminatory and retaliatory conduct of the School District that made it necessary for her to take this health leave, the terms of the leave mandated that she accept a 50% reduction in pay.

52. From February, 2006, until the end of the school year, Ms. Alba received only one-half pay with reduced benefits.

53. The discriminatory and retaliatory conduct of the School District of Philadelphia caused Ms. Alba to suffer this financial loss.

54. As a result of this forced reduction in her pay, the School District has benefited financially by discriminating against Ms. Alba, who is an older disabled professional.

55. By refusing to afford her reasonable workplace accommodations, by retaliating against her, by refusing to remedy the retaliation of its supervisors, and by finally forcing Ms. Alba to take a leave of absence, the School District extracted a substantial financial penalty from Ms. Alba while rewarding the discriminatory and retaliatory conduct of School District personnel.

Wherefore, this disability discrimination must now be corrected with the restoration of lost wages, and Defendants must be required to provide to Plaintiff all appropriate remedies under federal and state causes of action, including compensatory damages, equitable damages, damages for pain and suffering, compensation for economic loss, back pay and front pay, attorneys fees and costs, out of pocket expenses, and such other relief as appropriate.

### COUNT III

### AGE DISCRIMINATION
### 29 U.S.C. §621 et seq., 43 P.S. 955

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. Ms. Alba was fifty-three years (53 yrs.) of age and within two years of retirement eligibility when she was assigned to the Barry School.

58. Ms. Alba was one of two assistant principals assigned to the Barry School. Both assistant principals reported to the Barry School Principal, Darlene Beasley.

59. While assigned to the Barry School, Ms. Alba was directed by Ms. Beasley to perform onerous physical tasks including tasks that required heavy lifting of boxes, test materials and breakfast crates.

60. These physical tasks of heavy lifting were not required of younger School District professional personnel, and were not even required of the other, younger, assistant principal at the Barry School.

61. In assigning these tasks to Ms. Alba, the School District and Principal Beasley discriminated against Ms. Alba on the basis of age.

62. The School District denied Ms. Alba the reasonable workplace accommodations it knew she needed, required her to perform onerous physical tasks not required of other, younger,

assistant principals, and then compelled her to take a leave of absence at a fifty percent (50%) pay cut for discriminatory reasons based on age.

63. The School District realized an economic reward for its discriminatory policies while Ms. Alba was compelled to live under reduced financial circumstances.

64. Younger assistant principals and teachers were not required to take similar payroll reductions or leaves of absence nor were they required to perform the difficult physical tasks required of Ms. Alba.

65. The School District undertook this discriminatory and retaliatory course of conduct when Ms. Alba was within two years of full retirement. In undertaking its course and policy of discrimination against an older employee with a non-job related disability, the School District attempted to force Ms. Alba into early retirement so that it could realize a further economic benefit by reducing her anticipated retirement benefits.

66. The School District continued in this discriminatory course of conduct by assigning Ms. Alba to perform demeaning physical tasks and clerical duties that were not required of younger educators and professional employees.

67. The School District has thus failed in its obligation to employ and promote older persons based on ability rather than age, and to prohibit arbitrary age discrimination in the assignment and employment of its professional personnel.

Wherefore the age-related discrimination perpetrated against Ms. Alba must be corrected, and Defendants be required to provide to Plaintiff all appropriate remedies under federal and state causes of action, including compensatory damages, equitable damages, front and back pay, damages for pain and suffering, compensation for economic loss, attorneys fees and costs, out of pocket expenses, and such other relief as appropriate.

## COUNT IV

## RETALIATION
### 43 P.S. § 955(d)

68. Paragraphs 1 through 67 are incorporated as if fully set forth herein.

69. Following her complaint about conditions at the Barry School and the School District's failure to accord her reasonable workplace accommodations, Ms. Alba's supervising principal, Darlene Beasley, engaged in an increasingly retaliatory course of conduct against her.

70. The School District was specifically informed of this ongoing retaliatory conduct, but took no steps to stop it.

71. Immediately following Ms. Alba's complaint about the disability discrimination perpetrated against her at the Barry School, the Barry School Principal directed Ms. Alba to lift heavy science kits, deliver them throughout the Barry school, and deliver additional science kit boxes to a school annex located a number of blocks away.

72. Following Ms. Alba's second complaint to the School District, Principal Beasley demanded that Ms. Alba package ninety-six student lunches for a school trip.

73. From the time of her first formal complaint to School District counsel, School District supervisory personnel have engaged in an increasingly retaliatory course of conduct and an escalatory pattern of discrimination against Ms. Alba.

74. Indeed, Barry School security personnel even refused to take Ms. Alba's report when her hand was injured after her assigned school recess duties at the Barry School.

75. The School District has retaliated against Ms. Alba with demeaning assignments, by humiliating her, and by denying her appropriate professional opportunities as an assistant principal.

76. On September 1, 2006, three months after Ms. Alba had filed her formal complaint with the PHRC, the School District acknowledged that Ms. Alba had been "504 approved" for accommodation. School District further directed that Ms. Alba was to report to the school administration building as the School District was in the process of identifying an accommodating school.

77. On Tuesday, September 5, 2006, Ms. Alba reported to the school administration building as she had been instructed to do.

78. On Wednesday, September 6, 2006 Ms. Alba was informed that effective September 14, 2006, she was to report to the Office of Educational Management ("EMO").

79. At the EMO, Ms. Alba was assigned wholly clerical and telephone-answering duties.

80. At the EMO, Ms. Alba, a professional educator with two advanced degrees, was supervised by a secretary.

81. When not answering telephones and transferring calls at the EMO, Ms. Alba was assigned to compile lists of truant students by cutting and pasting small slips of paper for retyping. This demeaning assignment was inconsistent with the reasonable accommodations required by Ms. Alba, who suffers obvious finger deformities that make grasping and cutting difficult and painful.

82. When not answering the telephone, delivering fax messages, and cutting small pieces of paper, Ms. Alba was required to sit at her desk with nothing to do.

83. At the EMO, Ms. Alba was prevented from attending professional meetings or otherwise participating in the School District as a professional.

84. While at EMO, Ms. Alba was denied the same parking privileges that were available to other EMO staff, who were not disabled. Because Ms. Alba was prevented from parking in

the nearby School District lot, she was required to walk long distances to the EMO office. Non-disabled EMO staff were not required to walk these long distances.

85.  While at EMO, Ms. Alba was denied a key to the office. As a result Ms. Alba was sometimes required to wait outside, even in the rain, until another employee arrived with a key.

86.  In pursuing and continuing this retaliatory course of conduct, the Defendant School District has abrogated its legal responsibilities and punished Ms. Alba for asserting her rights and for taking advantage of the legal processes available to her.

Wherefore for the reasons enumerated in the Counts of her Complaint, the retaliation, age and disability discrimination perpetrated against Ms. Alba by the Defendant School District, must be corrected, and Defendants must be required to provide and pay to Plaintiff all appropriate damages, including compensatory damages, equitable damages, front and back pay, damages for pain and suffering, compensation for economic loss, for attorneys fees and costs, out of pocket expenses, and such other relief as appropriate.

Ann C. Lebowitz
Attorney I.D. 22243

Charles J. Grant
Attorney I.D. 35008

Grant & Lebowitz, LLC
1818 Market Street
Philadelphia, PA, 19103
Telephone: 215-789-3100
Attorneys for Plaintiff

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 1746

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

February 26, 2007

Ms. Carmen Alba
c/o Ann C. Lebowitz, Esquire
Law Offices of Grant & Lebowitz
Attorneys at Law
1818 Market St., 33rd Floor
Philadelphia, PA   19103

Re:  EEOC Charge Against School District of Philadelphia, et al.
      No. 17F200662288

Dear Ms. Alba:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by       Karen J. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     School District of Philadelphia, et al.

# EXHIBIT B



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Philadelphia District Office

21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515
215-440-2600
FAX 215-440-2604
TTY 215-440-2610

Our Reference:    Charge Number 17F-2006-62288 (formerly 17FA662288)
                  Alba v. School District of Philadelphia

Ms. Carmen Alba
450 East Pleasant Avenue
Philadelphia, PA 19119

Dear Ms. Alba:

The above-referenced charge has been filed with the Equal
Employment Opportunity Commission ("EEOC") under the Americans with
Disabilities Act of 1990, as amended ("ADA"), and the Age
Discrimination in Employment Act of 1967, as amended ("ADEA").

As explained in the enclosed letter, the EEOC has forwarded to the
U. S. Department of Justice your request for a Notice of Right-to-
Sue with respect to its processing of the ADA portion of the
charge.  Consistent with its normal practice in such cases, the
EEOC will also discontinue its processing of the ADEA portion of
the charge.

The rights of a Charging Party to file a private civil action under
the ADA will be explained in the Notice of Right-to-Sue.  You are
reminded, however, that if you wish to file suit under the ADEA,
you may do so without any Notice from the EEOC.

If the charge was filed within 180 days of the alleged
discrimination (within 300 days in states such as Delaware, New
Jersey and Pennsylvania which have a state discrimination law), you
may sue under the ADEA for recovery of backpay, an equal amount as
liquidated damages, appropriate make-whole or injunctive relief,
and attorneys' fees and costs.

The fact that the EEOC will take no further action does not affect
your rights to take legal action on your own behalf under the ADEA.
If you filed your charge within the time limits specified above,
you may file a lawsuit within 90 days of the date you receive this
letter.  Once 90 days have passed from your receipt of this letter,
your right to sue is lost.

If you have any questions, please contact Stanford Lamb,
Investigator, at 215-440-2617.

Sincerely,

*William D. Cook*

_January 31, 2007_
Date

William D. Cook
Enforcement Manager

Enclosure

cc: School District of Philadelphia
    Ann C. Lebowitz, Esquire (for Charging Party)
    Miles H. Shore, Acting General Counsel (for Respondent)