UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN ALBA | : | |
| | : | Civil Action No: |
| v. | : | 07-1721 |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, ET AL. | : | |

DEFENDANTS' ANSWER TO COMPLAINT

1.      Denied in part; admitted in part. It is specifically denied that the Defendants discriminated against the Plaintiff on the basis of her disability and or age; Additionally, Defendants specifically deny they committed any civil rights violations against the Plaintiff. The remaining averments contained in this paragraph are admitted.

2.      Admitted.

2.      (The Complaint has a duplicate No. 2. Answering Defendant has followed the original numbering scheme for consistency.)  Admitted.

3.      Admitted in part. It is admitted that the Plaintiff had previously been certified for a reasonable accommodation by the Defendant however the Plaintiff failed to engage in the interactive process after she alleged her medical condition worsened and needed additional accommodations.

4.      Admitted.

5.      Admitted.

6.      Denied. The Plaintiff is presently being fully accommodated.

7.      Denied.  It is denied that the District engaged in punitive and retaliatory conduct at any point relevant hereto.

8.      Denied. It is specifically denied that the Plaintiff was required to engage in "heavy lifting, carrying, repetitive stair climbing, custodial and hallway maintenance".

9.      This paragraph contains conclusions of law to which no responsive pleading is required.

10.     This paragraph contains conclusions of law to which no responsive pleading is required.

11.     Admitted.

12.     This paragraph contains conclusions of law to which no responsive pleading is required.

## COUNT I

13.     Defendant's responses to paragraph 1-12 are incorporated by reference herein.

14.     This paragraph contains conclusions of law to which no responsive pleading is required.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted in part; denied in part. It is admitted that the Plaintiff was transferred from the Edmunds School to the Huey School however it is denied that the Defendant failed to accommodate the Plaintiff at her new location. By way of further answer, the Plaintiff failed to advise the Defendant that she was

allegedly no longer being accommodated and thereafter failed to engage in the interactive process with the Defendant to find a suitable accommodation.

20.     Admitted in part; denied in part. It is admitted that the Plaintiff was transferred from the Huey School to the Barry School however it is denied that the Defendant failed to accommodate the Plaintiff at her new location. By way of further answer, the Plaintiff failed to advise the Defendant that she was allegedly no longer being accommodated and thereafter failed to engage in the interactive process with the Defendant to find a suitable accommodation.

21.     Denied. There were no offices on the first floor of the school.  As such, the Plaintiff was placed in an available empty classroom on the second floor of the building. There was a phone linked to the main office in the classroom and the Principal authorized the Plaintiff to order an additional phone which would allow her to make outside calls.

22.     Denied. It is specifically denied that the Plaintiff was required to perform maintenance and custodial tasks that involved heavy lifting and repeated stair climbing.

23.     Denied. It is specifically denied that the Plaintiff was required to carry heavy boxes of test materials from the basement up four flights of stairs to her office.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Admitted. It is admitted that Assistant Principals are not routinely directed to package student lunches. By way of further answer, the Plaintiff voluntarily assumed this duty and responsibility.

31.     Denied.

32.     Denied.  The Plaintiff was assigned tasks typically associated with the role of Assistant Principal.  Other tasks preformed by the Plaintiff to which she now objects were performed voluntarily by the Plaintiff at all times relevant hereto.

33.     Denied.  It is denied that the Plaintiff was directed to perform "onerous physical, custodial, and maintenance tasks". By way of further answer, such tasks, if performed, were performed voluntarily by the Plaintiff.

34.     After reasonable investigation, answering Defendant lacks sufficient information on which to formulate a response and as such this allegation is denied.

35.     Denied. It is specifically denied that the Plaintiff was assigned to lift heavy boxes, deliver breakfast crates, make lunches and clean hallways. By way of further answer, these tasks, if performed, were performed voluntarily by the Plaintiff.

36.     Denied. At all times relevant hereto, Defendant sought to engage the Plaintiff in the interactive process however Plaintiff refused to participate in the process.

## COUNT II

37.     Defendant's responses to paragraph 1-36 are incorporated by reference herein.

38.     Denied. It is specifically denied that the Defendant "required" the Plaintiff to perform "escalating physical tasks".

39.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no time did the Defendant assign the Plaintiff to perform demanding physical tasks nor did the Defendant refuse to accommodate the Plaintiff. At no point relevant hereto did the Defendant discriminate against the Plaintiff.

40.     Denied. At all times relevant hereto, the Defendant accommodated the Plaintiff and or attempted to engage in the interactive process with her however at all times relevant hereto Plaintiff failed to engage in the interactive process.

41.     Denied. It is denied that the Defendant required the Plaintiff to perform physical tasks.

42.     After reasonable investigation, answering Defendant lacks sufficient information to formulate a response and as such this allegation is denied.

43.     After reasonable investigation, answering Defendant lacks sufficient information to formulate a response and as such this allegation is denied.

44.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no time did the Defendant assign the Plaintiff to perform demanding physical tasks nor did the Defendant

refuse to accommodate the Plaintiff. At no point relevant hereto did the Defendant discriminate and or retaliate against the Plaintiff.

45.     Denied. Defendant accommodated the Plaintiff and or attempted to engage in the interactive process with her however at all times relevant hereto Plaintiff failed to engage in the interactive process.

46.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no time did the Defendant assign the Plaintiff to perform demanding physical tasks nor did the Defendant refuse to accommodate the Plaintiff. At no point relevant hereto did the Defendant discriminate and or retaliate against the Plaintiff.

47.     Denied. If the Plaintiff did perform this alleged task, then it was performed not at the direction of Defendant but performed entirely voluntarily by Plaintiff.

48.     Denied. It is specifically denied Defendant required Plaintiff to "package sandwiches". If the Plaintiff did perform this alleged task, then it was performed not at the direction of Defendant but performed entirely voluntarily by Plaintiff.

49.     Admitted in part; denied in part. It is admitted that the Plaintiff applied for and was granted a restoration to health sabbatical.  It is denied that the Defendant refused to accommodate the Plaintiff. At all times relevant hereto, the Defendant accommodated the Plaintiff and or attempted to engage in the interactive process with her however at all times relevant hereto Plaintiff failed to engage in the interactive process.

50.     Admitted.

51.     Admitted in part; denied in part. It is admitted that the Plaintiff received a 50% reduction in pay as dictated by Public School Code, Title 24 Purdons. It is specifically denied the Defendant discriminated and or retaliated against Plaintiff at any point relevant hereto.

52.     Admitted in part; denied in part. It is admitted that the Plaintiff received a 50% reduction in pay as dictated by Public School Code, Title 24 Purdons. It is denied her "benefits" were reduced.

53.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at all times relevant hereto Defendant never discriminated and or retaliated against the Plaintiff.

54.     Denied. It is specifically denied the Defendant discriminated against the Plaintiff.

55.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at all times relevant hereto Defendant never discriminated and or retaliated against the Plaintiff. Finally, Plaintiff voluntarily applied for and accepted a restoration to health sabbatical.

## COUNT III

56.     Defendant's responses to paragraph 1-55 are incorporated by reference herein.

57.     Admitted in part; denied in part. It is admitted that the Plaintiff was 53 years old while assigned to the Barry School however it is denied that she was "within two years of retirement eligibility".

58.     Admitted.

59.     Denied. It is denied that the Defendant required the Plaintiff to perform onerous physical tasks.

60.     Denied. It is denied that the Defendant required the Plaintiff to perform onerous physical tasks. If the Plaintiff did perform these alleged tasks, then they were performed not at the direction of Defendant but performed entirely voluntarily by Plaintiff.

61.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate against Plaintiff.

62.     Denied.  It is denied that the Defendant refused to accommodate the Plaintiff. At all times relevant hereto, the Defendant accommodated the Plaintiff and or attempted to engage in the interactive process with her however at all times relevant hereto Plaintiff failed to engage in the interactive process. Additionally, Plaintiff voluntarily applied for and accepted a restoration to health sabbatical.

63.     Denied. It is denied Defendant discriminated against Plaintiff. By way of further answer Plaintiff voluntarily applied for and accepted a restoration to health sabbatical.

64.     Denied. Plaintiff voluntarily applied for and accepted a restoration to health sabbatical. A 50% reduction in pay is dictated by the Public School Code, Title 24 Purdons. It is denied Defendant required Plaintiff to perform difficult physical tasks.

65.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

66.     Denied. It is specifically denied Defendant discriminated against Plaintiff and or required her to perform difficult physical tasks.

67.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

**COUNT IV**

68.      Defendant's responses to paragraph 1-67 are incorporated by reference herein.

69.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

70.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

71.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

72.     Denied. It is denied that the Defendant required the Plaintiff to perform onerous physical tasks. If the Plaintiff did perform these alleged tasks,

then they were performed not at the direction of Defendant but performed entirely voluntarily by Plaintiff.

73.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

74.     After reasonable investigation, answering Defendant lacks sufficient information to formulate a response and as such this allegation is denied.

75.     This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, at no point relevant hereto did Defendant discriminate and or retaliate against Plaintiff.

76.     Admitted in part; denied in part. It is admitted that the Defendant approved the Plaintiff for a 504 accommodation however it is denied that the approval was in any way related to the fact that the Plaintiff filed a complainant with the PHRC. By way of further answer, the Plaintiff was approved for a 504 accommodation based upon her finally providing the Defendant with the necessary medical documentation needed to make a determination as to the appropriateness of the Plaintiff's accommodation request.

77.     Admitted.

78.     Admitted.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Admitted in part; denied in part. It is admitted the Plaintiff did not

have a key to the office however the vast majority of staff members likewise did

not have a key to the office. It is denied that the Plaintiff had to wait outside, even

in the rain, until another employee arrived with a key.

86.     This paragraph contains conclusions of law to which no responsive

pleading is required. By way of further answer, at no point relevant hereto did

Defendant discriminate and or retaliate against Plaintiff.

## **AFFIMATIVE DEFENSE**

1.      At all times relevant hereto the Plaintiff failed to engage in the interactive

process with Defendant.


                                Respectfully submitted,


                                ___s/Michael J. Feinberg_____
                                Michael J. Feinberg, Esquire
                                Assistant General Counsel
                                Attorney I.D. No. 55764
                                School District of Philadelphia
                                440 N. Broad Street
                                Third Flr. Suite 313
                                Philadelphia, Pa. 19130
                                Attorney for Defendants

<u>VERIFICATION</u>

Michael J. Feinberg, Esquire, hereby states that he is the attorney for the Defendant School District of Philadelphia in this action and verifies that the statements made in the foregoing Defendants' Answer to Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A., §4904 relating to unsworn falsification to authorities.


_s/Michael J. Feinberg_____
Michael J. Feinberg, Esquire
Attorney for Defendants


DATE:        May 14, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the attached Defendants' Answer to Plaintiff's Complaint has been filed electronically on May 14, 2007 and is available for viewing and downloading from the ECF system and that a copy was served on May 14, 2007 via First Class U.S. Mail, postage prepaid addressed as follows:

> Ann C. Lebowitz, Esquire
> Charles J. Grant, Esquire
> Grant & Lebowitz, LLC
> 1818 Market Street
> Philadelphia, PA  19103

> <u>s/Michael J. Feinberg</u>
> Michael J. Feinberg
> Attorney for Defendants